11-4438-cv
*Ditocco v. Riordan, Disney/ABC Int'l, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand and twelve.

PRESENT: RICHARD C. WESLEY,
 BARRINGTON D. PARKER,
 *Circuit Judges,*
 JOHN GLEESON,
 *District Judge.*[*]

---

TONY DITOCCO,

 *Appellant,*

 -v.-                                   11-4438-cv

RICK RIORDAN, DISNEY/ABC INTERNATIONAL TELEVISION CO., INC., WALT DISNEY CO.,

 *Appellees.*

---

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:      MARC TOBEROFF, Toberoff & Associates, P.C., Malibu, CA.

FOR APPELLEE:      SANFORD M. LITVACK, Hogan Lovells US LLP, New York, NY (Theresa M. House, Hogan Lovells US LLP, New York NY; David Singer, Jenner & Block, Los Angeles, CA, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Author Tony DiTocco appeals from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*), granting Appellees' motion to dismiss Appellant's claims for copyright infringement. The district court determined that Appellees' five *Percy Jackson & the Olympians* books are not substantially similar to Appellant's books, *The Hero Perseus* and *Atlas' Revenge*, as a matter of law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. *See Peter F. Gaito Architecture, LLC*

2

*v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010). To succeed on a claim for copyright infringement, the plaintiff must show (1) that the defendant had access to the copyrighted work, and (2) substantial similarity between the protectible elements of the respective works. *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). Presuming access, courts may determine substantial similarity on a motion to dismiss because "no discovery or fact-finding is typically necessary, . . . what is required is only a visual comparison of the works." *Gaito*, 602 F.3d at 64 (internal quotation marks omitted).

Where, as here, we are comparing subject matter that contains both protectible and unprotectible elements, we apply the "more discerning" ordinary observer test to determine substantial similarity: "we must attempt to extract the unprotectible elements from our consideration and ask whether the *protectible elements, standing alone, are substantially similar*." *See Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (emphasis in original) (internal quotation marks omitted). In making this determination, we compare the works' "total concept and overall feel." *Gaito*, 602 F.3d at 66 (internal

3

quotation marks omitted).  The copyright holder must be protected not only from literal copying but also from infringement that is apparent only by comparing the aesthetic import of the works in their entirety.  *See id.* However, ideas are not protected, only their expression. *See* 17 U.S.C. § 102(b); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) (Hand, *J.*); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986). Similarly, this Court withholds copyright protection from *scenes a faire*, which are "sequences of events that necessarily result from the choice of a setting or situation."  *Williams*, 84 F.3d at 587 (internal quotation marks omitted).

In light of these principles, we affirm the well-reasoned opinion of the district court.

Both sets of books chronicle the adventures of a young male protagonist named after the Greek hero Perseus. Appellees' *Percy Jackson & the Olympians* series tells the story of demigod Percy Jackson as he battles classical Greek monsters while traveling all over the country with his fellow supernatural friends.  In Percy's world, the Olympic gods live among us – they wear sunglasses, use cell phones

4

and ignore their demigod offspring. By contrast, in Appellant's two novels, PJ Allen is a popular, athletic young man who is whisked away in his dreams to Ancient Greece where he fights mythical beasts and helps to restore order to the world by recreating important events in Greek mythology that have been erased from history.

The subject matter of these novels necessitates significant reliance on Greek mythology for many characters, settings and classic stories. This material has entered the public domain and is not protectible. *See, e.g.*, *Bissoon-Dath v. Sony Computer Entm't Am., Inc.*, 694 F. Supp. 2d 1071, 1088 (N.D. Cal. 2010). By comparing the protectible elements of the parties' works, with an eye toward the "total concept and overall feel," the district court properly determined that the two sets of books are not substantially similar as a matter of law.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5